JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CIV 4874**

---------------------------------------------------------------X
MICHAEL WEBER, JIMMIE REED, )     COMPLAINT
and JAYSON SMITH, )
                                       )
                   Plaintiffs, )
                                       )     JURY TRIAL DEMANDED
               -against- )
                                       )     ECF Case
THE CITY OF NEW YORK, )
FREDERIC VANPELT and DONALD SADOWY, )
                                       )
                   Defendants. )
---------------------------------------------------------------X

*RECEIVED JUL 12 2013 U.S.D.C. S.D.N.Y. CASHIERS*

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3.     Plaintiffs demand a trial by jury on each and every one of the claims pleaded

herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5. Plaintiffs WEBER, REED, and SMITH are residents of the City and State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7. Defendants VANPELT and SADOWY are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their

individual capacities.

## STATEMENT OF RELEVANT FACTS

8. On May 29, 2012, at or about 4:55 p.m., plaintiffs WEBER, REED, and SMITH were sitting in automobiles, legally parked, in the vicinity of the intersection of Belmont Avenue and Powell Streets in Brooklyn, New York.

9. Defendants VANPELT and SADOWY approached the automobiles, ordered plaintiffs out, and searched the vehicles.

10. Defendants VANPELT and SADOWY arrested plaintiffs for possession of marijuana, although plaintiffs did not possess marijuana, nor had they committed any other offense.

11. Plaintiffs were transported to a precinct stationhouse and strip-searched, then transported to Central Booking.

12. Plaintiff SMITH was released from Central Booking without charges. All charges were subsequently dismissed against plaintiffs WEBER and REED.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

13. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

14. By their conduct and actions in falsely arresting plaintiffs WEBER, REED, and SMITH, and in strip-searching plaintiffs, defendants VANPELT and SADOWY, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference

to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

15. As a result of the foregoing, plaintiffs were deprived of liberty, suffered emotional distress, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

16. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

17. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

18. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants VANPELT and SADOWY.

19. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiffs were deprived of liberty, suffered emotional distress, costs and expenses, and were otherwise damaged and injured.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Pre- and post-judgment costs, interest and attorney's fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated:   New York, New York
         July 10, 2013

_____
MICHAEL L. SPIEGEL, Esq.
11 Park Place, Suite 914
New York, New York 10007
(212) 587-8558
*Attorney for Plaintiffs*